United States District Court
District of Massachusetts

| | |
|---|---|
| Doris Coren, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 15-13410-NMG |
| Carolyn W. Colvin, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

GORTON, J.

Plaintiff Doris Coren ("Coren" or "plaintiff") seeks judicial review of the denial of her application for disability benefits by defendant, Carolyn W. Colvin ("the Commissioner"), in her official capacity as Commissioner of the Social Security Administration ("SSA"). Pending before the Court are 1) plaintiff's motion for judgment on the pleadings to reverse the Commissioner's decision and 2) defendant's motion for an order affirming her decision. For the reasons that follow, plaintiff's motion to reverse the Commissioner will be denied and the Commissioner's motion to affirm will be allowed.

I. **Background**

A. **Employment History and Alleged Disability**

Doris Coren was born on July 7, 1965. She has a tenth or eleventh grade education, has three adult children and is

-1-

unmarried. She has been unemployed for 15 years and her main source of income is government assistance. Coren filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., in April, 2012, alleging that she is disabled because of peripheral neuropathy, lower back pain, alcohol abuse disorder, hypertension, obesity, major depressive disorder, intellectual disorder and anxiety disorder.

**B.   Procedural Background**

Coren's initial application for disability benefits was denied in July, 2012, and, upon reconsideration, was denied again in November, 2012. She filed a request for a hearing and review of the SSA's decision in December, 2012. That hearing was held in November, 2013, before Administrative Law Judge Henry Hogan ("the ALJ"). In January, 2014, the ALJ found Coren to be not disabled.

In denying Coren disability benefits, the ALJ applied the five-step test provided in 20 C.F.R. § 404.1520(a) and, with respect to the fifth step, found that Coren was not entitled to disability benefits.[1] The ALJ relied upon the testimony before

---

[1]The ALJ must determine whether: 1) the claimant is engaged in "substantial gainful activity", 2) the claimant has a severe physical or mental impairment, 3) that impairment is equivalent to an impairment enumerated in the regulations, 4) the claimant's residual functional capacity ("RFC") meets the requirements of her previous work and 5) there are jobs that

him during the disability hearing as well as several exhibits entered into the record which contain medical reports from doctors and health professionals.

The ALJ deemed that Coren was not engaged in substantial gainful activity but was severely impaired as a result of her peripheral neuropathy, lower back pain, alcohol abuse disorder, major depressive disorder, anxiety disorder and unspecified learning disorder. He then found, at step three of the analysis, that her impairments did not meet or equal the severity of those enumerated in Appendix 1 of 20 C.F.R. § 404 Subpart P ("§ 404 Impairments").

At step four, the ALJ concluded that Coren had a residual functional capacity ("RFC") of "light work" with additional restrictions of 1) occasionally climbing stairs or ramps, 2) occasionally stooping, kneeling, crouching, crawling and 3) occasionally using her right arm for "fine manipulation" and 4) performing only one to two-step tasks. The ALJ also noted that she did not have any past work experience to which she could adjust.

Finally, to determine if there were jobs in the general economy that Coren could hold, the ALJ relied upon the testimony

---

would be appropriate for the claimant given her RFC, age, education and work experience. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v).

of vocational expert Dr. Robert Laskey ("Dr. Laskey"). Dr. Lasky identified three occupations suitable for her: a garment sorter (2,400 jobs in Massachusetts), a laundry worker (9,000 jobs in Massachusetts) and a shipping and receiving weigher (360 jobs in Massachusetts). Citing Dr. Lasky's testimony, the ALJ concluded that Coren was not disabled because there were several kinds of jobs in the economy that she could perform.

Coren timely appealed the ALJ's decision but it was upheld in February, 2015, by the Appeals Council. She then filed her complaint in this Court in September, 2015, alleging that the ALJ failed to consider pertinent evidence and did not perform the required analyses.

## II. **The Parties' Motions**

### **A. Legal Standard**

To obtain benefits under Section 1602 of the Social Security Act ("the Act"), 42 U.S.C. § 1381a, an individual must demonstrate that she is unable

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment must be of such severity that the claimant is not only unable to

continue her previous work but also unable to engage in other kinds of substantial work that exist in the national economy fitting her age, education and work experience. Deblois v. Sec'y of Health & Human Servs., 686 F.2d 76, 79 (1st Cir. 1982).

The Act gives federal district courts the power to affirm, modify or reverse the ALJ's decision or to remand the case for a rehearing. 42 U.S.C. § 405(g).  Review under § 405(g), however, is not de novo. See Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981).  The Act provides that the findings of the Commissioner are conclusive so long as 1) they are "supported by substantial evidence" and 2) the Commissioner has applied the correct legal standard. See 42 U.S.C. § 405(g); Seavey v. Barhart, 276 F.3d 1, 9 (1st Cir. 2001).  If those criteria are satisfied, the Court must uphold the Commissioner's decision even if the record could justify a different conclusion. Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987).  Substantial evidence means evidence "reasonably sufficient" to support the ALJ's conclusion. See Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998).

**B.   Application**

Coren claims that the ALJ erred in finding her not disabled because he 1) gave incorrect weight to the opinions of certain doctors, 2) followed the wrong procedure to determine if

alcoholism was pertinent to plaintiff's disability and 3) failed to consider whether her learning disorder met or equaled a listed § 404 Impairment.

### 1. The Weight of Expert Opinions in the Record

Plaintiff avers that the ALJ 1) erred in weighing the medical opinions in the record and 2) substituted his own judgment for purportedly "uncontroverted" medical opinion. That is so, she says, because the ALJ gave little weight to opinion evidence from Dr. Barbara Trockman, a state agency medical consultant, Dr. Lena Mathews, Coren's primary care provider for a short period of time and Dr. Jasper Lawson, a clinical psychologist and consultative examiner while, on the other hand, crediting the opinion of Dr. Carol McKenna, a state psychological consultant. The Commissioner denies that characterization and maintains that the ALJ appropriately weighed all the evidence in the record and supported his conclusions with substantial information from the record.

To determine whether an individual is disabled, the ALJ must weigh several, sometimes conflicting, medical opinions. See Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). In weighing such opinions, the ALJ can consider whether they are consistent with the "record as a whole". 20 C.F.R. § 416.927(c)(4).

The ALJ found that reports of Drs. Trockman, Mathews and Lawson conflicted with the record as a whole, including reports detailing Coren's daily activities, her conservative medical treatment regimen, history of poor compliance with doctors' recommendations and an absence of extensive hospitalizations. Conversely, because Dr. McKenna's assessment was consistent with the record, the ALJ properly credited it. See id.

Plaintiff's assertion that the ALJ substituted his own judgment for medical evidence is unpersuasive. The ALJ's conclusions must be accepted so long as there is "substantial evidence" in the record to support those conclusions. See Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987). In light of evidence showing that Coren 1) intermittently sought treatment, 2) poorly complied with her doctor's instructions, 3) has not been hospitalized for serious conditions and 4) is able to live outside of a highly supportive living environment, perform chores around the house, prepare simple meals, run errands and spend time with others, this Court concludes that there is substantial evidence in the record to support the ALJ's conclusions. Thus, the ALJ's decision as to defendant's disability will be affirmed. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

### 2. Procedure in Determining Applicability of Alcohol Abuse

Second, plaintiff contends that the ALJ failed to consider whether her alcohol abuse was "material" to her disability.

Plaintiff properly notes that the ALJ must first determine that she is disabled before engaging in a "materiality," i.e. causal, analysis of her alcohol abuse. See 20 C.F.R. § 416.935(a). Here, however, the ALJ found plaintiff to be not disabled based upon the five-step analysis. That finding ended the inquiry and thus no materiality analysis was necessary. Faster v. Barnhart, 324 F.3d 981, 986 (8th Cir. 2003).

### 3. Consideration of Evidence in Respect to Impairment Listing 12.05 (Mental Impairments)

At step three of the analysis, the ALJ must determine whether a claimant has an impairment that is the same or equivalent to one or more of the § 404 Impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant has such an impairment, the claimant is deemed disabled. Id.

Here, the ALJ concluded that Coren's impairments were not equivalent to any of the § 404 Impairments enumerated under listings 12.04 (affective disorders), 12.06 (anxiety-related disorders) or 12.09 (substance addiction disorders). The ALJ did not determine, however, whether Coren's alleged disabilities matched those in listing 12.05 (intellectual disabilities) even

though she has low intellectual functioning. Plaintiff maintains that omission is a reversible error.

In order to be disabled under listing 12.05, the claimant must meet three criteria: 1) significant sub-average intellectual functioning, 2) significant deficits in current adaptive functioning and 3) manifestation of the disorder before age 22. § 404 Impairments 12.00H(1). Although, as defendant concedes, plaintiff meets the first and third elements of listing 12.05, Coren has not demonstrated significant deficiencies in adaptive functioning and therefore she is not disabled under listing 12.05.

To determine if a claimant has a deficiency in adaptive functioning, the same analysis is used for listing 12.05 as for listings 12.04 and 12.06. Compare § 404 Impairments 12.04(B)(1)-(4) and § 404 Impairments 12.06(B)(1)-(4), with § 404 Impairments 12.05(B)(2)(a)-(d).

Here, the ALJ assessed plaintiff's adaptive functioning for listings 12.04 and 12.06 based on substantial evidence in the record. Accordingly, there is no reason to believe that his decision would have been different if had also assessed her functioning using the criteria provided in 12.05. See id.; see also Rivera v. Barnhart, No. 04-30131, 2005 WL 670538, at *5 (D. Mass. Mar. 14, 2005)(holding that an omission of findings to a

specific listing is not fatal for an ALJ decision as long there is sufficient evidence that the listing was not met).

Plaintiff also claims that the ALJ's decision was based upon insufficient evidence because he did not adequately develop the record to determine if she had significant deficits in adaptive functioning.  Indeed, while the ALJ's investigatory role requires him to develop the record, Sims v. Apfel, 530 U.S. 103, 110-111 (2000), he did so in this case.  For example, he credited evidence that Coren is able to live independently, do laundry, clean, handle finances, attend medical appointments and spend time with her family and friends.  Although there might be additional evidence to support plaintiff's contentions, the ALJ's decision must be affirmed if it is supported by substantial evidence. Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  Here, the Court concludes that there is substantial evidence to support the ALJ's determination with respect to plaintiff's adaptive functioning.

## ORDER

In accordance with the foregoing,

1) plaintiff's motion for judgment on the pleadings for a reversal of the Commissioner's decision (Docket No. 15) is **DENIED** and

2) defendant's motion for an order affirming the decision of the Commissioner (Docket No. 22) is **ALLOWED.**

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated May 24, 2017